UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA GILLIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-5782 |
| v. ) | |
| ) | Judge John W. Darrah |
| BLITT & GAINES, P.C. and ) | |
| CAVALRY SPV I, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Cynthia Gillis filed a Complaint, alleging a single violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C § 1692, *et seq.* Defendants, Blitt & Gaines, P.C. and Cavalry SPV I, LLC, filed a Motion for Judgment on the Pleadings [38] pursuant to Federal Rule of Civil Procedure 12(c). That Motion [38] is granted.

## **BACKGROUND**

Cynthia Gillis is an individual who resides in the Northern District of Illinois. (Compl. ¶ 4.) Defendant Blitt & Gaines is a professional corporation, practicing law in the State of Illinois and was located at 661 Glenn Avenue, Wheeling, Illinois, 60090. (*Id.* ¶ 7.) Blitt & Gaines is a "debt collector," as defined by the FDCPA. (*Id.* ¶ 9.) Defendant Cavalry is a limited liability company organized under Delaware law with its principal office located in New York. (*Id.* ¶ 10.) Cavalry is a "debt collector," as defined by the FDCPA. (*Id.* ¶ 13.)

Defendants filed a debt collection action against Plaintiff on June 12, 2014, in the First Municipal District of the Circuit Court of Cook County. (*Id.* ¶¶ 8-9.)[1] Plaintiff did not reside

---

[1] Plaintiff was never served with the debt collection action, and the case was dismissed by Defendants. (Dkt. 40, p.3.)

within the First Municipal District, and the lawsuit was not based on a contract signed in the First Municipal District. (*Id*. ¶¶ 16-17.) Plaintiff has since filed this lawsuit against the Defendants, alleging a violation of the venue provision of the FDCPA. (Compl.)

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings, which consist of the "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)). A motion judgment on the pleadings "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). In ruling on a 12(b)(6) motion, the allegations in the plaintiff's complaint are taken as true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order to survive a 12(b)(6)motion, the complaint must "contain sufficient factual material . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

## ANALYSIS

Plaintiff alleges that Defendants violated the FDCPA by filing the initial debt collection case in the First Municipal District when the Plaintiff did not reside there and the underlying debt contract was not signed there. The FDCPA requires that debt collection actions be filed "only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action." 15 U.S.C. §

1692i(a)(2)(A)-(B). It is not disputed that Plaintiff neither resided in nor signed the underlying contract in the First Municipal District. (Dkt. No. 40.)

At the time Defendants filed the debt collection action, June 20, 2014, the controlling law was *Newsom v. Friedman,* 76 F.3d 813 (7th Cir. 1996). *Newsom* held that the term "judicial district" did not include a municipal department district. *Newsom*, 76 F.3d at 819. However, on July 2, 2014, the Seventh Circuit overturned *Newsom* by holding that a judicial district, for the purposes of § 1692i, "is the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014). The *Suesz* court denied defendant's request to make the application of the new rule prospective only but did not explicitly state that the new rule applied to any previously filed debt collection action other than the one before it. *Id.* at 649-50.[2] This holding required the Defendants to file suit in the municipal district where Plaintiff resided or where the underlying debt contract was signed.

Defendants argue that Plaintiff fails to state a claim because she was never served with the underlying debt collection action. Plaintiff maintains service is not necessary to state a claim under § 1692i because harm occurs before a debtor is served. Plaintiff argues that the Seventh

---

[2] This district has held that *Suesz* was not retroactive as to every previously filed FDCPA suit. *See Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 14 C 6447, 2015 WL 4253795, at *4 (N.D. Ill. July 14, 2015) ("Nothing in *Suesz* suggests that the Seventh Circuit intended to (1) make its holding retroactive to debt collectors, like Defendant, who relied on *Newsom* when deciding where to sue Cook County residents and (2) unleash a torrent of FDCPA suits in which those same debt collectors would be held liable for doing something that *Newsom* expressly permitted. The retroactivity holding in *Suesz* was limited to rejecting a Marion County debt collector's asserted reliance interest in *Newsom* and following the standard judicial practice of applying a new rule in the same case in which it is announced.")

Circuit's decision in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013), is applicable. In *Phillips*, the Seventh Circuit held that:

> Filing a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint - precisely the type of unfair practice prohibited by the FDCPA.

*Phillips*, 736 F.3d at 1082-83. However, courts in this district have distinguished the rationale in *Phillips* from claims brought under § 1692i.

The court in *Abu-Samra v. Cavalry SPV I, LLC*, No. 14 CV 9422, 2015 WL 4658702, (N.D. Ill. Aug. 5, 2015), distinguished *Phillips*, stated that the harm of obtaining a default judgment did not occur by the mere act of filing a complaint, and dismissed plaintiff's § 1692i claim. Under Illinois law, a debt collector cannot obtain a default judgment against a debtor until the debtor has been served and a court has exercised personal jurisdiction over the debtor. *Abu-Samra*, 2015 WL 4658702 at *3 (citing *Dec & Aque v. Manning*, 618 N.E.2d 367, 372 (Ill. App. Ct. 1993) ("A judgment's validity is dependent upon the court having both jurisdiction of the subject matter of the litigation and of the parties. Personal jurisdiction can be obtained only by service of process as provided by statute, unless it has been waived by a general appearance in the action.")). "Because a debt collector cannot obtain a default judgment until the debtor is subject to the jurisdiction of the collection court, the harm identified in *Phillips* - which may occur by the mere filing of a complaint - is not implicated by § 1692i." *Abu-Samra*, 2015 WL 4658702 at *4.

The court in *Knight v. Blatt, Hansenmiller, Leibsker & Moore, LLC, et al.*,

4

No. 14-cv-8169, Dkt. No. 31 (N.D. Ill. May 6, 2015), pointed out that the analysis in *Phillips* was applied to §§ 1692e and 1692f because the Defendant filed a time-barred suit. *Knight¸* No. 14-cv-8169, Dkt. No. 31 at *4. The court in *Knight* also noted that, based on *Suesz*, the purpose of the venue provision in § 1692 appeared to be the danger of a debt collector's obtaining default judgment without the debtor's knowledge. *Id.* at *3 (quoting *Suesz*, 757 F.3d at 639 ("By imposing an inconvenient forum on a debtor who may be impecunious, unfamiliar with law and legal processes, and in no position to retain a lawyer (and even if he can afford one, the lawyer's fee is bound to exceed the debt itself), the debt collector may be able to obtain through default a remedy for a debt that the defendant doesn't actually owe.")). Therefore, the analysis in *Phillips* is inapplicable here because the defendant's conduct in *Phillips* was actionable regardless of where the suit was filed; and the harm that the *Phillips* court addressed would have occurred even if the underlying debt collection action had been filed in the proper judicial district.

The Fifth Circuit has also addressed the issue of whether service is required for actions brought under § 1692i:

> when a debt collector files suit against an alleged debtor in contravention of § 1692i(a)(2), no harm immediately occurs because the debtor likely has no knowledge of the suit and has no need to act. Therefore, tying a violation to the mere filing of a complaint does not serve the statute's remedial purpose. Upon receiving notice, however, the harm is realized because the debtor must then respond in a distant forum or risk default. Because the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a "violation" does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit.

*Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013).

The reasoning of the *Knight, Abu-Samra*, and *Serna* decisions is persuasive. Defendants did not violate § 1692i(a)(2) by merely filing its complaint in the First Municipal District.

Plaintiff was never served; therefore, the state court had no jurisdiction over the case and could not impose the harm sought to be avoided under § 1692i.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Judgment on the Pleadings [38] is granted; Plaintiff's Complaint is dismissed with prejudice.

Date: _____October 1, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge